# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TOPNOTCH INNOVATIONS, LLC,

    Plaintiff,

v.

    Civil Action 2:20-cv-1384
    Judge Sarah D. Morrison
    Magistrate Judge Chelsey M. Vascura

MARK ANTHONY DEAN,

    Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Leave to File Under Seal Plaintiff's Motion for Preliminary Injunction and Supporting Documents ("Motion," ECF No. 4.)  In its Motion, Plaintiff states it has already filed a redacted version of its Motion for Preliminary Injunction (ECF No. 3), and requests leave to file an unredacted version under seal. (Motion 1, ECF No. 3.)  For the following reasons, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

There is a strong presumption in favor of public access to judicial records.  *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017).  The Sixth Circuit recently affirmed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons."  *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)).  "A movant's obligation to provide <u>compelling</u> reasons justifying the seal exists even if the parties themselves <u>agree</u> the filings should be sealed."  *White*

*v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

Here, Plaintiff's Motion fails to meet the high standard set forth by the Sixth Circuit. Plaintiff fails to set forth compelling reasons justifying the sealing of documents, asserting only that the documents in question "refer to Plaintiff's confidential and sensitive financial information as well as confidential conversations between Plaintiff and Defendant Mark Anthony Dean." (ECF No. 4). Plaintiff does not explain or cite authority as to why Plaintiff should be permitted to file this information under seal. While Plaintiff may prefer to keep its financial information confidential, Plaintiff does not represent that such information would constitute a trade secret or that its disclosure would otherwise harm Plaintiff. Similarly, Plaintiff has provided no basis for shielding "confidential conversations" between the parties from public view. Even if the parties had agreed to keep these conversations confidential (a fact on which Plaintiff's motion is silent), the parties' agreement to maintain confidentiality, standing alone, does not constitute a compelling reason for filing under seal. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (holding that a "confidentiality agreement between the parties does not bind the court in any way"); *White*, 2017 WL 3537233, at *2 (finding the parties' joint motion to file under seal woefully inadequate where they merely

asserted that they decided to keep the terms of their settlement confidential); *In re Black Diamond Mining Co., LLC*, No. 15-96, 2016 WL 4433356, at *3 (E.D. Ky. Aug. 18, 2016) (explaining that the existence of a confidentiality agreement, alone, is not a compelling reason to seal a record). Thus, even where the parties agree to keep information confidential, the moving party must provide compelling reasons justifying the sealing of that information.

For the above-stated reasons, Plaintiff's Motion (ECF No. 4) is **DENIED WITHOUT PREJUDICE**. If either party desires that Plaintiff file its Motion for Preliminary Injunction under seal, the proponent of the seal must file a properly supported motion that demonstrates good cause for filing under seal. The parties are cautioned that any forthcoming motions regarding filing documents under seal should be narrowly tailored, as the sealing of documents must be no broader than necessary. *See Shane Group, Inc.*, 825 F.3d at 305.

    **IT IS SO ORDERED.**


    /s/ *Chelsey M. Vascura*
    CHELSEY M. VASCURA
    UNITED STATES MAGISTRATE JUDGE